UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA GONZÁLEZ FLAVELL, <br><br> Plaintiff, <br><br> v. <br><br> JIM YONG KIM, *et al.*, <br><br> Defendants. | Civil Action No. 21-115 (CKK) |

**MEMORANDUM OPINION**
(March 7, 2022)

Plaintiff Sara González Flavell, proceeding *pro se*, filed this action in the Superior Court of the District of Columbia against current and former officers, directors, or employees of the World Bank. Asserting seven claims under District of Columbia common law, Plaintiff alleges that Defendants committed various "fraudulent, wrongful, and tortious acts" against her. Compl. ¶ 3, ECF No. 1-3. Defendants subsequently removed this action to federal court and then moved to dismiss Plaintiff's Complaint.[1]

Now pending before the Court is Plaintiff's [15] Motion to Remand. Upon review of the pleadings, the relevant legal authority, and the record as a whole,[2] the Court will **GRANT** Plaintiff's Motion to Remand. However, the Court shall **DENY** Plaintiff's request for fees and costs associated with removal.

---

[1] Upon a motion filed by Plaintiff, ECF No. 19, which Defendants did not oppose, ECF No. 21, the Court stayed further briefing on Defendants' Motion to Dismiss pending its resolution of Plaintiff's Motion to Remand. Order, ECF. No. 22.

[2] The Court's consideration has focused on the following briefing and materials submitted by the parties: Notice of Removal ("Not. of Removal"), ECF No. 1; Plaintiff's Motion to Remand ("Pl.'s Mot. to Remand"), ECF No. 15; Pl.'s Memorandum of Points & Authorities in Support of Plaintiff's Motion to Remand to D.C. Superior Court ("Pl.'s Mem."), ECF No. 16; Defendants' Memorandum of Points & Authorities in Opposition to Plaintiff's Motion to Remand ("Defs.' Opp'n"), ECF No. 23; Pl.'s Reply in Support of Plaintiff's Motion to Remand ("Pl.'s Reply"); ECF No. 26. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

### I. BACKGROUND

Plaintiff Sara González Flavell is a former employee of the International Bank for Reconstruction and Development ("World Bank"). Compl. ¶ 22. Defendants are seven current or former officers, directors, or employees of the World Bank. *Id.* ¶¶ 23–31.

Although Plaintiff's 82-page Complaint is quite detailed and difficult to follow, in general terms, Plaintiff alleges that Defendants fraudulently conspired to enforce a redundancy notice against her; failed to "prevent" this fraud; influenced an internal administrative tribunal to rule against her challenge to the redundancy notice; and caused her severe emotional distress. *See* Compl. ¶¶ 1, 88, 109–13, 180, 188, 210, 223–29. Plaintiff's claims include: (1) fraudulent misrepresentation, Compl. ¶¶ 122–51; (2) "fraud – concealment," *id.* ¶¶ 152–63; (3) "promissory fraud," *id.* ¶¶ 164–77; (4) interference with contractual rights and constructive fraud, *id.* ¶¶ 178–95; (5) conspiracy to commit fraud, *id.* ¶¶ 196–220; (6) intentional infliction of emotional distress, *id.* ¶¶ 221–31; and (7) "tort of another," *id.* ¶¶ 232–35. In sum, Plaintiff pleads only tort and fraud claims arising under District of Columbia common law.

Plaintiff filed her Complaint in the Superior Court of the District of Columbia ("D.C. Superior Court") on November 12, 2020. Compl., ECF No. 1-3. Although Defendants contend that they are immune from service of process, they agreed to waive service of process without prejudice to their assertion of immunity. *See* Stipulation & Order Regarding Service, ECF No. 9.

Defendants removed the case to this Court on January 13, 2021, invoking the Court's "original jurisdiction" over the case because "it raises questions arising federal law," 28 U.S.C. § 1331, including the Bretton Woods Agreements Act ("Bretton Woods Act"), 22 U.S.C. § 286g, the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288, and Article III of the United States Constitution. Defs.' Notice of Removal ¶ 6, ECF No. 1. On March 1, 2021,

Plaintiff filed a [15] Motion to Remand and accompanying [16] Memorandum of Points & Authorities in support thereof. Plaintiff argues that removal was improper because there "are not federal laws relied on and no federal cause of action claimed in the Complaint." Pl.'s Mem. ¶¶ 5, 33. She further contends that removal was improper due to various alleged technical defects with Defendants' Notice of Removal. *See id.* ¶¶ 61–67. Plaintiff's motion is ripe for the Court's consideration.

## II.    LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (quotation omitted). Courts in this jurisdiction "construe[ ] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011). To that end, courts "must resolve any ambiguities concerning the propriety of removal in favor of remand." *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012).

---

[3] D.C. Superior Court is considered a state court for removal purposes. *See* 28 U.S.C. § 1451(a).

### III. DISCUSSION

Defendants removed Plaintiff's complaint based on the Court's "original jurisdiction" over the action "pursuant to 28 U.S.C. § 1441(a)." Not. of Removal ¶ 7. Defendants contended that the Court has "original jurisdiction" of Plaintiff's action pursuant to three federal statutes: (1) the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a; (2) the Bretton Woods Act of 1945, 22 U.S.C. § 286g, and (3) 28 U.S.C. § 1331. *Id.* ¶¶ 6, 7. However, in their Opposition to Plaintiff's Motion to Remand, Defendants contend that the Court has "original jurisdiction" under the Bretton Woods Act, *see* Defs.' Opp'n at 12–14, and that Plaintiff's Complaint raises a "substantial question of federal law," such that it "arises under federal law" pursuant to 28 U.S.C. § 1331, *id.* at 3–12.[4] The Court will address each potential basis for jurisdiction below.

### A. Original Jurisdiction

Defendant argues that the Court has "original jurisdiction" over Plaintiff's action under the Bretton Woods Act, which provides:

> For the purpose of *any action* which may be brought within the United States or its Territories or possessions by or against the [International Monetary] Fund or the Bank [for Reconstruction and Development] *in accordance with the Articles of Agreement of the Fund or the Articles of Agreement of the Bank*, the Fund or the Bank, as the case may be, shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and *any such action at law or in equity to which either the Fund or the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action*. When either the Fund or the Bank is a defendant in *any such action*, it may, at any time before the trial thereof, remove such action from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law.

---

[4] As this Court explained in a recent opinion in a separate case filed by the same Plaintiff, it is not persuaded that the IOIA "independently confer[s]" the Court with original jurisdiction. *Flavell v. Int'l Bank for Reconstruction & Dev.*, Civil Action No. 20-623 (CKK), 2021 WL 1146301, at *3 (D.D.C. Mar. 25, 2021). Because Defendants do not rely on the IOIA as a grant of original jurisdiction in their Opposition to Plaintiff's Motion to Remand, the Court does not address it here.

22 U.S.C. § 286g (emphases added).  In sum, this provision allows the *World Bank* to remove to federal court "any action which may be brought . . . by or against . . . *the Bank* in accordance with . . . the Articles of Agreement of the Bank." *Id.*

Without citing any supporting legal authority, Defendants argue that the Court "must read the Bretton Woods Act's provision allowing for removal as encompassing executive directors, officers, and employees of the Bank as well."  Defs.' Opp'n at 14.  They contend that such a reading of § 286g because the "immunities" of such individuals "derive from the Bank itself," and should be properly litigated in federal, rather than state court.  *Id.* at 13.  Absent any supporting legal authority, the Court sees no reason to adopt such an expansive reading of § 286g.  Rather, other statutory provisions upon which Defendants rely clearly distinguish between the Bank and its officers and employees.  *See, e.g.*, 22 U.S.C. § 288d(b) ("[O]*fficers and employees* of such [international] organizations shall be immune from suit . . .") (emphasis added); *id.* § 288a ("*International organizations* shall enjoy the status, immunities, exemptions, and privileges, as set forth in this section . . .") (emphasis added).  Had Congress intended to extend to "officers and employees" of the World Bank the ability to remove an action brought "in accordance with the Articles of Agreement with the Bank," it would have so stated.

Even if Defendants' proposed reading of § 286g is correct, they ignore § 286g's qualification limiting removal to "any such action" "brought . . . in accordance with" the Articles of Agreement.  § 286g.  Defendants have failed to show how the present action may be "brought in accordance with" the Bank's Articles of Agreement to secure § 286g's grant of original jurisdiction.  *See, e.g.*, *Flavell*, 2021 WL 1146301, at *4–5.  The Court is not satisfied that Defendants have carried their burden to demonstrate that this Court has original jurisdiction over Plaintiff's action pursuant to § 286g.

5

### B. Federal Question Jurisdiction

Defendants also contend that removal was proper because this action "arises under" federal law." 28 U.S.C. § 1331. "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987) (citing 28 U.S.C. § 1331). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,'" *Caterpillar*, 482 U.S. at 392, which provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law],'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Caterpillar*, 482 U.S. at 399.

Recognizing that Plaintiff has pled only state common law claims, Defendants argue that this case falls within a "narrow exception" to this general "well-pleaded complaint" rule articulated by the Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308 (2005). Defs.' Opp'n at 3. In *Grable*, the Supreme Court explained that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate *significant federal issues.*" 545 U.S. at 312 (emphasis added) (citing *Hopkins v. Walker*, 244 U.S. 486 490–91 (1917)). This exception is "extremely rare," and applies only to a "special and small category" of cases. *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

The Supreme Court has recognized that the contours of this "slim category" are ill-defined. *Gunn*, 568 U.S. at 258 ("In outlining the contours of this slim category, we do not paint on a blank

canvas. Unfortunately, the canvas looks like one that Jackson Pollock got to first."). "To aid courts in identifying the 'extremely rare exceptions' comprising this group," the Supreme Court has "fastened a four-part test." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 27 (D. Conn. 2015) (quoting *Gunn*, 568 U.S. at 257). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four requirements must be satisfied. *Id.*

Here, the Court reaches only the first prong of this test to conclude that remand is appropriate in this case. Ordinarily whether a case "necessarily raises" a federal issue turns on whether the plaintiff's state law claims "invoke[ ] federal rules of decision," or "predicate[ ] liability on the application of federal law." *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 414 (S.D.N.Y. 2020); *see, e.g.*, *Burrell v. Bayer Corp.*, 918 F.3d 372, 382 (4th Cir. 2019) (denying jurisdiction because plaintiffs could "establish all the necessary elements entirely independently of federal law"); *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank*, 824 F.3d 308, 315 (2d Cir. 2016) ("A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law."); *New York v. Int'l Joint Comm'n*, --- F. Supp. 3d ---, 2021 WL 4139024, at *4 (W.D.N.Y. Sept. 13, 2021) (finding that state law claim raised a federal question because the "issue of whether the [defendant] owed a duty to the [plaintiff] and breached that duty" necessarily turned on the interpretation of a treaty); *Belmont v. JetBlue Airways Corp.*, 401 F. Supp. 3d 348, 359 (E.D.N.Y. 2019) (holding that federal issue not necessarily raised because state-law claims did not require "determinations of rights and liabilities" under federal law). Moreover, under *Grable*'s first prong, a "federal issue that *may* be raised in defending a claim is not 'necessarily raised.'" *Clean Label Project Fdn. v. NOW Health*

7

*Grp., Inc.*, Civil Action No. 21-11 (JDB), 2021 WL 2809106, at *7 (D.D.C. July 6, 2021) (quoting *Organic Consumers Ass'n v. Gen. Mills, Inc.*, 235 F. Supp. 226, 230 (D.D.C. 2017)).

Careful examination of *Grable* and its progeny is useful to understanding when an action "necessarily raises" a federal issue. In *Grable*, the Internal Revenue Service seized property from the plaintiff and sold it to satisfy the plaintiff's tax delinquency. *Grable*, 545 U.S. at 310–11. The plaintiff later filed a quiet title action under state law against the third-party purchaser of the property, alleging that the sale of the property was invalid because the IRS had failed to comply with federal notice requirements. *Id.* The Supreme Court concluded that Plaintiff's claim "warrant[ed] federal jurisdiction" because whether the plaintiff had been afforded proper notice required application of a federal statute—in sum, "[w]hether Grable was given notice within the meaning of the federal statute is thus an *essential element* of its quiet title claim[.]" *Id.* at 315 (emphasis added). In a later case applying *Grable*, the Supreme Court concluded that a legal malpractice claim "necessarily" raised a federal issue because the plaintiff would have been required to show that he would have prevailed in an underlying federal patent infringement case if his attorneys had timely made an argument. *Gunn*, 568 U.S. at 259. In other words, as in *Grable*, the *Gunn* plaintiff's *claims* would "necessarily require application of [federal] patent law to the facts of . . . the case." *Id.*

Few courts in this jurisdiction have concluded that federal question jurisdiction is appropriate under the *Grable* framework. *See, e.g.*, *Bender v. Jordan*, 525 F. Supp. 2d 198, 204–05 (D.D.C. 2007) (exercising jurisdiction over claims for breach of contract and unjust enrichment because federal regulation played a "central role" in the claims' resolution), *aff'd* 623 F.3d 1128, 1130 (D.C. Cir. 2010); *Dist. of Columbia v. Group Hosp. & Med. Servs.*, Inc., 576 F. Supp. 2d 51, 54 (D.D.C. 2008) (finding federal question jurisdiction under *Grable* where state-law

claim centered on allegations that defendants had violated the Group Hospitalization and Medical Services' corporate charter, a federal law). Instead, the bulk of legal authority directs that the Court should limit the application of *Grable* to cases in which the plaintiff's claims are "*based on a federal statute*," *Dist. of Columbia v. Elevate Credit, Inc.*, --- F. Supp. 3d ---, 2021 WL 2982143, at *14 (D.D.C. July 15, 2021), or whether they present a "context-free inquiry into the meaning of federal law," *Washington Consulting Group, Inc. v. Raytheon Tech. Servs.*, 760 F. Supp. 2d 94, 101–02 (D.D.C. 2011) (quoting *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007)); *see also First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d at 406, 414, 416–17 (concluding that fraud claims brought by State of Qatar under New York law against defendant- banks "did not turn on the application or interpretation of federal law" because "[n]one of those state law torts contains, as an element, a violation of federal law. The Bank's liability is in no way predicated on a violation of federal law.").

     Here, none of Plaintiff's state law common law claims invoke a federal rule of decision or predicate liability on the application of federal law. *See* Compl. ¶¶ 122–235. Plaintiff has pled only state-law causes of action. Plaintiff argues that remand is required because the Complaint "clearly raises only claims under state law and raises no federal law issue which would give rise to a ground for removal." Pl.'s Mem. ¶ 37.

     Defendants offer two "federal issues" that the Complaint "necessarily raises": (1) whether Defendants' immunities under the Bretton Woods Act and the IOIA apply such that the Court lacks subject matter jurisdiction to hear the suit; and (2) whether the acts on which Plaintiff's claims rest were performed by [Defendants] in their official capacity or falling within their functions." Defs.' Opp'n at 3-4 (internal citations and quotation marks omitted). The Court finds neither argument sufficient to sustain Defendant's burden to demonstrate the propriety of removal in this case.

Defendants' first argument is easily disposed of; it relies on federal law providing a *defense* to Plaintiff's state-law claims, which does "not provide a valid basis for federal removal jurisdiction." *Wash. Consulting Grp.*, 760 F. Supp. 2d 94 (citing *Caterpillar*, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue[.]")); *see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989) ("[I]t has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law."); *Strategic Lien Acquisitions LLC v. Republic of Zaire*, 344 F. Supp. 2d 145, 148 (D.D.C. 2004) ("The complaint in this case only reveals a foreclosure action brought exclusively under District of Columbia law.  Any issue pertaining to the FSIA would be raised, if at all, as a defense to the action.  Because a defense is insufficient to confer jurisdiction on a federal court, the potential involvement of the FSIA does not supply this Court with removal jurisdiction.").

Defendants next contend that resolution of Plaintiffs' claims requires a determination of whether her allegations rest on actions performed by Defendants in their "personal" or "official" capacities within the meaning of the IOIA and Bretton Woods Act, because the answer to that question, in turns, determines "whether they are immune from suit." Defs.' Opp'n at 6, 9 ("How the scope of Defendants' duties and functions under the IOIA and the Bretton Woods Act are defined, and thus whether the Defendants where within them and are therefore immune from suit, is an important matter[.]").  But, as previously noted, a "federal issue that *may* be raised in defending a claim is not 'necessarily raised.'" *Clean Label Project Fdn.*, 2021 WL 2809106, at *7 (internal citation omitted).

Because the Court finds that Defendants have not demonstrated that Plaintiff's tort-law claims under District of Columbia common law "necessarily" raise a federal issue, the Court concludes that the significant federal issues doctrine articulated by *Grable* does not provide a basis for removal jurisdiction in this case. In reaching this conclusion, the Court does *not* render any decision about Defendants' immunity or reach any conclusion as to whether any conduct alleged in the Complaint was undertaken in their "official" capacities.

### C. Plaintiff's Request for Fees and Costs Associated with Removal

As final point, Plaintiff asks the Court to award her fees and costs associated with Defendants' removal. The Court declines to award such fees and costs. Generally, an award of costs and expenses is appropriate "only if the removing party lacked an objectively reasonable basis for seeking removal." *Ballard*, 813 F. Supp. 2d at 39 (quoting *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011)). Reasonableness is evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Jones v. Dist. of Columbia*, 105 F. Supp. 3d 12, 13–14 (D.D.C. 2015) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). "Ultimately, however, the imposition of costs and expenses is at the court's discretion." *Dist. of Columbia v. Vizion One, Inc.*, Civil Action No. 21-cv-1071 (TSC), 2022 WL 522980, at *4 (D.D.C. Feb. 22, 2022) (internal citation omitted).

The Court finds that the "non-removability" of this case was "not so obvious" nor did Defendants "lack[ ] an objectively reasonable basis for seeking removal[.]" *Id.* Accordingly, the Court shall exercise its discretion to deny Plaintiff's requests for costs and expenses.

Because the Court finds that Defendants have not demonstrated that Plaintiff's tort-law claims under District of Columbia common law "necessarily" raise a federal issue, the Court concludes that the significant federal issues doctrine articulated by *Grable* does not provide a basis for removal jurisdiction in this case. In reaching this conclusion, the Court does *not* render any decision about Defendants' immunity or reach any conclusion as to whether any conduct alleged in the Complaint was undertaken in their "official" capacities.

### C. Plaintiff's Request for Fees and Costs Associated with Removal

As final point, Plaintiff asks the Court to award her fees and costs associated with Defendants' removal. The Court declines to award such fees and costs. Generally, an award of costs and expenses is appropriate "only if the removing party lacked an objectively reasonable basis for seeking removal." *Ballard*, 813 F. Supp. 2d at 39 (quoting *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011)). Reasonableness is evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Jones v. Dist. of Columbia*, 105 F. Supp. 3d 12, 13–14 (D.D.C. 2015) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). "Ultimately, however, the imposition of costs and expenses is at the court's discretion." *Dist. of Columbia v. Vizion One, Inc.*, Civil Action No. 21-cv-1071 (TSC), 2022 WL 522980, at *4 (D.D.C. Feb. 22, 2022) (internal citation omitted).

The Court finds that the "non-removability" of this case was "not so obvious" nor did Defendants "lack[ ] an objectively reasonable basis for seeking removal[.]" *Id.* Accordingly, the Court shall exercise its discretion to deny Plaintiff's requests for costs and expenses.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. This case shall be remanded to D.C. Superior Court. However, the Court **DENIES** Plaintiff's request for costs and fees associated with removal. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

**Date:** March 7, 2022